IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE, an unincorporated association, by members PATRICIA R. BELTZ, JOSEPH S. SULLIVAN, and ANITA SULLIVAN, and PATRICIA R. BELTZ, on behalf of herself and others similarly situate,<br><br>    Plaintiffs<br><br>    v.<br><br>RICHARD L. STOVER, J. RALPH BORNEMAN, JR., TERRENCE W. CAVANAUGH, JONATHAN HIRT HAGEN, SUSAN HIRT HAGEN, THOMAS B. HAGEN, C. SCOTT HARTZ, CLAUDE C. LILLY, III, LUCIAN L. MORRISON, THOMAS W. PALMER, MARTIN P. SHEFFIELD, ELIZABETH H. VORSHECK, and ROBERT C. WILBURN,<br><br>    Defendants. | Civil No. 13-37 Erie |

## Opinion

This is an insurance case based on diversity jurisdiction that also purports to be a class action. Plaintiffs are Erie Insurance Exchange, a Pennsylvania unincorporated association that issues insurance policies, and four named Plaintiffs who are Policyholders of Erie Insurance Exchange. Plaintiffs explain in their Second Amended Complaint that Erie Insurance Exchange has no employees, officers, board, bylaws, or organizing documents and is run by Erie Indemnity Company pursuant to a Subscriber Agreement. Erie Indemnity Company is the attorney-in-fact for the Subscribers of Erie Insurance Exchange, and Erie Indemnity Company operates and manages Erie Insurance Exchange.

The Defendants are individually named defendants, each of whom is a trustee of Erie Insurance Exchange. Plaintiffs bring this action based on breach of fiduciary duty by Defendants, and seek to recover "service charges" and "added service charges" collected by Defendants from 1998 through 2011. Plaintiffs also set forth an alternative count seeking to sue as a derivative action.

Presently before the Court are Defendants' motion to dismiss (and related motions for judicial notice) and the Erie Indemnity Company's motion to intervene as of right. A status conference regarding these motions was held on February 3, 2014. For the reasons stated herein we will grant Defendants' motion to refer the issues in this case to the Pennsylvania Insurance Department under the doctrine of Primary Jurisdiction. In addition, we will grant Erie Indemnity Company's motion to intervene.

I.  **Motion to Intervene**

Erie Indemnity Company moves to intervene in this action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or alternatively, seeks permissive intervention pursuant to Rule 24(b).

Rule 24(a)(2) provides that a court "must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." F.R.Civ.P. 24(a)(2). "A movant seeking to intervene under Rule 24(a)(2) must satisfy the following requirements: '"(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in

the litigation.'"'" Benjamin ex rel. Yock v. Department of Public Welfare of Pennsylvania, 701 F.3d 938, 948 (3rd Cir 2012) quoting In re Cmty. Bank of N. Va., 418 F.3d 277, 314 (3d Cir.2005)(quoting Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir.1987)).

Rule 24(b) provides in relevant part that a court "may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." F.R.Civ.P. 24(b)(1)(B)

Our review of the Second Amended Complaint and Erie Indemnity Company's arguments in support of its position overwhelmingly show that Erie Indemnity Company meets the standard for intervention as of right. Accordingly, we will grant the motion to intervene and order that Erie Indemnity Company be made a party Defendant in this action and that it join in the Defendants' motion to dismiss. Had we not granted the motion to intervene as of right, we would have granted Erie Indemnity Company's motion for permissive intervention under Rule 24(b).

## II. Primary Jurisdiction

The United States Supreme Court has explained the doctrine of Primary Jurisdiction as follows:

> The doctrine of primary jurisdiction, like the rule requiring exhaustion of administrative remedies, is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties. 'Exhaustion' applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course. 'Primary jurisdiction,' on the other hand, applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views. General American Tank Car Corp. v. El Dorado Terminal Co., 308 U.S. 422, 433, 60 S.Ct. 325, 331, 84 L.Ed. 361.

3

United States v. Western Pac. R. Co., 352 U.S. 59, 63-64 (1956) (see also Consolidated Rail Corp. v. Certainteed Corp., 835 F.2d 474, 477 (3rd Cir. 1987). "In determining whether the doctrine applies, courts have consistently looked to the twin purposes articulated by the Supreme Court in Western Pacific: (1) 'the desirable uniformity which would obtain if initially a specialized agency passed on certain types of administrative questions'; and (2) 'the expert and specialized knowledge of the agencies involved.'" AT & T Communications, Inc. v. Consolidated Rail Corp., 285 F.Supp.2d 649, 661 (E.D. Pa. 2003) quoting Western Pac. R. Co., 352 U.S. at 64. Similarly, "[s]ome courts have found the following four factors helpful in determining whether to apply the doctrine: '(1) Whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) Whether the question at issue is particularly within the agency's discretion; (3) Whether there exists a substantial danger of inconsistent rulings; (4) Whether a prior application to the agency has been made.'" Phone-Tel Communications, Inc. v. AT & T Corp., 100 F.Supp.2d 313, 316 n3. (E.D. Pa. 2000) (citation omitted).

In addressing this issue in the case filed in the Court of Common Pleas of Fayette County, Judge Gerald R. Solomon found that the Pennsylvania legislature has committed issues raised by plaintiff's claims in that case to the specialized knowledge of the Pennsylvania Insurance Department. Judge Solomon noted the Insurance Department's "special competence to address the subject matter of plaintiff's claims" explaining the statutory basis as follows:

> "The General Assembly, in recognition of the specialized complexities involved in insurance generally, and in the regulation of this industry in particular, assigned the task of overseeing the management of that industry, in this Commonwealth, to the Insurance Department, the agency having expertise in that field. 40 P.S. § 41, et seq." Foster v. Mutual Fire, Marine and Inland Ins. Co., 614 A.2d 1086,1091 (Pa. 1992). The Insurance Commissioner, an appointed position pursuant to 40

> P.S. § 42 is, therefore, afforded broad supervisory powers to regulate the insurance business in this Commonwealth, including the power to protect 'the interests of insureds, creditors, and the public generally. . . . ' 40 P.S. § 22Ll(c)."
> Id.

Erie Ins. Exch. V. Erie Indemnity Company, Civil No. 1712 of 2012, at 4-5 (Court of Common Pleas Dec. 19, 2013).

The instant case is nearly identical to the case filed in the Court of Common Pleas of Fayette County and raises the same issues. Accordingly, we will grant Defendants' motion to dismiss on the basis of primary jurisdiction, we will refer this case to the Pennsylvania Insurance Department to decide any and all issues within its jurisdiction, and we will dismiss this action without prejudice.

## III. Conclusion

For the reasons stated herein, we will enter an order granting Erie Indemnity Company's motion to intervene and permit it to join in Defendants' motions. We will also grant in part and deny in part Defendants' motion to dismiss. We will grant Defendants' motion to the extent they seek referral of the issues raised in this case to the Pennsylvania Insurance Department. We otherwise deny the motion without prejudice as to its remaining arguments. We will also deny as moot Defendants' motions for judicial notice.

Date: February 10, 2014

Maurice B. Cohill, Jr.
Senior United States District Court Judge

# ORDER

AND NOW, to-wit, this __10th__ day of February, 2014 for the reasons stated in the accompanying Opinion, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. Erie Indemnity Company's Motion to Intervene (ECF No. 43) is GRANTED. The Clerk of Court is hereby DIRECTED to make Erie Indemnity Company a party Defendant in this matter. IT IS FURTHER ORDERED that Erie Indemnity Company is permitted to joined in Defendants' motions.

2. Defendants' Motion to Dismiss (ECF No. 66) is DENIED in part, and GRANTED in part.

    a. Defendant's motion to dismiss is GRANTED on the basis of primary jurisdiction.

    b. IT IS FURTHER ORDERED that the issues in this case are hereby referred to the PENNSYLVANIA INSURANCE DEPARTMENT to decide any and all issues within its jurisdiction.

    c. Defendant's Motion to Dismiss is DENIED without prejudice in all other respects as moot.

3. Defendants' Motions for Judicial Notice (ECF Nos. 68 & 75) are DENIED without prejudice as moot.

IT IS FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge